| | | |
|---|---|---|
| DARIN KEITH BOONE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0744-L |
| | § | |
| GREG GIBSON, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendants have filed a motion for summary judgment in this employment discrimination case brought under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, and Texas law. For the reasons stated herein, the motion should be granted in part.

I.

Plaintiff Darin Keith Boone, an African-American, was employed by the Crowley Independent School District ("CISD") from June 2000 until his resignation on August 3, 2005. (*See* Def. MSJ App., Exh. 1 at 4; Plf. MSJ Resp. App., Exh. M at 1-2, ¶¶ 2 & 9). For most of his tenure with the district, plaintiff served as assistant principal of the North Crowley Ninth Grade School ("Ninth Grade Campus"). (*See* Plf. MSJ Resp. App., Exh. M at 1, ¶ 2). In February 2004, plaintiff expressed an interest in becoming the principal of the Ninth Grade Campus after learning that the current principal had been transferred to another school. (*See* Def. MSJ App., Exh. 1 at 8). However, CISD Superintendent Greg Gibson appointed Brandon Neeley, a white male with less experience than plaintiff, as the new principal for the 2004-2005 school year. (*Id.*). Plaintiff later

interviewed to be the principal at North Crowley High School. Once again, the job went to another applicant. (*See* Plf. MSJ Resp. App., Exh. M at 2, ¶ 7).

In the fall of 2004, plaintiff was told by several African-American students at the Ninth Grade Campus that they were being mistreated by white teachers. (*See* Def. MSJ App., Exh. 1 at 12; Plf. MSJ Resp. App., Exh. M at 1-2, ¶ 3). When plaintiff relayed these concerns to Neeley, he was instructed to take disciplinary action against the students. (*See* Plf. MSJ Resp. App., Exh. M at 2, ¶ 4). Plaintiff refused. (*Id.*). Instead, plaintiff informed the parents of these African-American students of their right to file a grievance against CISD administrators and helped the parents obtain the necessary grievance forms. (*Id.*, Exh. M at 2, ¶ 5). According to plaintiff, his efforts on behalf of minority students caused Neeley to place negative reports in his personnel file. (*Id.*, Exh. M at 2, ¶ 4). In October 2004 and February 2005, Neeley reprimanded plaintiff in writing for poor job performance and inadequate communication skills. (*See* Def. MSJ App., Exhs. 13 & 14). The second reprimand concluded with Neeley suggesting to plaintiff that his "reassignment for [ ] 2005-06 would be in your best interest as well as that of North Crowley 9th Grade." (*See id.*, Exh. 14 at 2). At the end of the school year, plaintiff was transferred to North Crowley High School and, ultimately, to the Crowley alternative school campus. (*See id.*, Exh. 1 at 9; Plf. MSJ Resp. App., Exh. M at 2, ¶¶ 6-8).

Believing he had been the victim of race discrimination and retaliation, plaintiff hired an attorney to put CISD on notice of a potential lawsuit. (*See* Def. MSJ App., Exh. 4). On August 3, 2005, the parties settled their differences by entering into a Resolution Agreement ("the Agreement"). Under the terms of the settlement, plaintiff voluntarily resigned as an employee of CISD effective June 30, 2006. (*See id.*, Exh. 5 at 1, ¶ 3(a)). In return, CISD agreed to pay plaintiff his monthly salary through the 2005-2006 school year, to provide a neutral employment

recommendation, and to keep the settlement agreement confidential. (*Id.*, Exh. 5 at 1-3, ¶¶ 3(a), 3(f) & 7). If plaintiff obtained employment with another school district prior to June 30, 2006, CISD remained obligated to continue his monthly salary payments without deducting taxes or teacher retirement contributions. (*Id.*, Exh. 5 at 1-2, ¶ 3(b)). The Agreement also contains a release clause, which provides:

> Boone, his attorneys, representatives, agents and assigns hereby agree to release, discharge, and forever hold the District harmless from any and all claims, demands, or suits, known or unknown, fixed or contingent, liquidated or unliquidated, as of the date of this Agreement, including any administrative claims or lawsuits, arising from or related to the events and transactions occurring during Boone's employment with the District. This release runs to the benefit of all attorneys, agents, employees, officers, trustees, directors, heirs, assigns, and legal representatives of the Crowley Independent School District.

(*Id.*, Exh. 5 at 2, ¶ 4).

Less than three weeks after plaintiff signed the Agreement, he was hired as a teacher by the Dallas Independent School District. (*Id.*, Exh. 7; *see also* Plf. MSJ Resp. App., Exh. M at 3, ¶ 12). As promised, CISD continued to pay plaintiff his salary for the 2005-2006 school year. (*See* Def. MSJ App., Exh. 1 at 15-16).[1] However, when a prospective employer telephoned CISD for a recommendation, the caller was placed on hold and ultimately disconnected. (*See id.*, Exh. 1 at 23-25). No employment recommendation was provided. (*Id.*). In addition, plaintiff was told by Sarah Leon, an attorney retained by CISD to investigate allegations of racial discrimination in the Crowley schools, that she was aware of the settlement between plaintiff and the district. (*See id.*, Exh. 1 at 27). On June 13, 2006, plaintiff acknowledged receipt of the final payment due under the Agreement

---

[1] In his deposition, plaintiff testified that CISD violated the Agreement by withholding payroll taxes from his paychecks in August 2005 and June 2006. Both times, plaintiff contacted the school district and the error was corrected. (*See* Def. MSJ App., Exh. 1 at 15-15 & Exh. 12 at 1, ¶¶ 2-3).

and released CISD "from any further financial obligations under the terms of the Resolution Agreement." (*Id.*, Exh. 9).

On August 8, 2006, plaintiff filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*See* Plf. MSJ Resp. App., Exh. A). After the EEOC issued a right-to-sue letter, plaintiff filed this action against CISD, Gibson, and Neeley.[2] In his most recent complaint, plaintiff alleges that defendants violated Title VII by:

- hiring a white male with less experience as principal of the Ninth Grade Campus;

- refusing to hire plaintiff as principal of North Crowley High School;

- failing to provide plaintiff with a neutral job recommendation as required by the Resolution Agreement; and

- giving plaintiff negative performance evaluations, refusing to hire him for the vacant principal positions, and unilaterally transferring him to another school in retaliation for protecting the rights of African-American students.

(*See* Plf. First Am. Compl. at 7-8, ¶¶ 4.1-4.6, 5.1-5.5). Plaintiff also sues for breach of contract and intentional infliction of emotional distress under Texas law. (*See id.* at 9, ¶¶ 6.1-7.2). Defendants plead a number of affirmative defenses and counterclaim for breach of the Resolution Agreement. The case is before the court on defendants' motion for summary judgment. The issues have been briefed by the parties and the motion is ripe for determination.

II.

Two of the affirmative defenses raised by defendants are release and failure to exhaust administrative remedies. In their motion for summary judgment, defendants argue that plaintiff

---

[2] Plaintiff originally filed suit in Texas state court. The case was properly removed to federal court because plaintiff's Title VII race discrimination and retaliation claims "aris[e] under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. §§ 1331 & 1441(b).

either released all of his Title VII claims by signing the Resolution Agreement or failed to include such claims in a timely-filed EEOC charge.[3]

## A.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). Where, as here, a party seeks summary judgment on an affirmative defense, that party "must establish beyond peradventure all of the essential elements of the . . . defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986); *see also Continental Casualty Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3-04-CV-1866-D, 2007 WL 2403656 at *9 (N.D. Tex. Aug. 23, 2007) (release is an affirmative defense that must be proved by defendant); *Enguita v. Neoplan USA Corp.*, 390 F.Supp.2d 616, 623 (S.D. Tex. 2005) (same as to failure to exhaust administrative remedies in a Title VII case). The burden then shifts to the non-movant to show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

## B.

A general release of Title VII claims does not ordinarily violate public policy. *Smith v. Amedisys Inc.*, 298 F.3d 434, 441 (5th Cir. 2002). To the contrary, public policy favors the voluntary

---

[3] Defendants raise a number of other grounds in their motion for summary judgment. However, in view of the recommended disposition of plaintiff's Title VII claims and the refusal to exercise supplemental jurisdiction over the parties' state law claims, the court need not address those other grounds for dismissal.

settlement of Title VII cases. *Id., citing Rogers v. General Electric Co.*, 781 F.2d 452, 454 (5th Cir. 1986). The interpretation and validity of such a release is governed by federal law. *Id.* In order to obtain summary judgment on their affirmative defense of release, defendants must establish that plaintiff "signed a release that addresses the claims at issue, received adequate consideration, and breached the release." *Id., quoting Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 935 (5th Cir. 1994). If defendant is able to prove these elements, it is incumbent upon plaintiff to "demonstrate that the release was invalid because of fraud, duress, material mistake, or some other defense." *Id., quoting Williams*, 23 F.3d at 935.

Here, plaintiff does not challenge the validity of the Resolution Agreement or the release contained therein. Indeed, plaintiff admits that by signing the Agreement, he was releasing or giving up his race discrimination and retaliation claims against CISD. (*See* Def. MSJ App., Exh. 1 at 13, 21). Nor does plaintiff maintain that the consideration he received under the Agreement was somehow inadequate. Instead, plaintiff attempts to avoid the release by arguing that defendants breached the Resolution Agreement in various ways. (*See* Plf. MSJ Resp. Br. at 5-8). However, the clear weight of authority holds that the breach of a settlement agreement gives rise to a potential action for breach of contract. It does not revive a settled Title VII claim. *See, e.g. Witte v. Lakeside Inn and Casino*, 61 F.3d 914 (Table), 1995 WL 437939 at *2 (9th Cir. Jul. 25, 1995); *Jones v. PPG Industries, Inc.*, 937 F.2d 608 (Table), 1991 WL 122364 at *1 (6th Cir. Jul. 9, 1991); *Folley v. Henderson*, 175 F.Supp.2d 1007, 1011-12 (S.D. Ohio 2001); *Breen v. Norwest Bank Minnesota*, 865 F.Supp. 574, 577-78 (D. Minn. 1994); *Valdez v. Quality Service Tank Lines*, No. SA-82-CA-408, 1983 WL 561 at *1 (W.D. Tex. Aug. 1, 1983). Defendants are entitled to summary judgment with respect to any Title VII claim involving an adverse employment action that occurred prior to the date of the Resolution Agreement. *See Smith*, 298 F.3d at 444 (holding that summary judgment is proper

when employee files suit against employer after validly waiving or releasing claims raised in the suit).[4]

## C.

Plaintiff also accuses defendants of violating Title VII by failing to provide him with a neutral job recommendation. (*See* Plf. First Am. Compl. at 7, ¶ 4.4). This claim, which arose after the date of the Resolution Agreement, is not barred by the release. However, plaintiff has failed to exhaust his administrative remedies with respect to that claim.

Under Title VII, a plaintiff must exhaust administrative remedies before filing suit in federal court. *See Taylor v. Books A Million,* Inc., 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1287 (2003). "The primary purpose of the administrative exhaustion requirement is to allow the agency, in its investigatory and conciliatory role, fully to investigate and attempt to resolve claims of discrimination." *Clayton v. Rumsfeld*, 106 Fed.Appx. 268, 271, 2004 WL 1739465 at *3 (5th Cir. Aug. 4, 2004). While a subsequent lawsuit is not limited to the specific complaints contained in an EEOC charge, the suit is limited by the scope of the investigation that could reasonably be expected to grow out of the initial charge of discrimination. *See Dollis v. Rubin,* 77 F.3d 777, 781 (5th Cir. 1995); *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990). The ultimate issue for exhaustion purposes is whether the charges investigated by the agency "fit" the allegations raised in a subsequent judicial proceeding. *See Jefferson v. Zurich North America*, No. 3-02-CV-1770-L, 2003 WL 23194265 at *3 (N.D. Tex. Jul. 24, 2003), *rec. adopted*, 2004 WL 144026 (N.D. Tex. Jan. 15, 2004), *citing Ong v. Cleland*, 642 F.2d 316, 318 (9th Cir. 1981).

---

[4] To the extent plaintiff attempts to bring a separate race discrimination or retaliation claim under 42 U.S.C. § 1981 based on events that occurred prior to the date of the Resolution Agreement, that claim is also barred by the release.

The EEOC charge filed by plaintiff alleges that:

> I have been affected in the terms and conditions of my employment in that I have been harassed by a senior official, and denied promotions, and disciplined frequently, and twice transferred, and was refused the right to discuss my performance evaluation, and on August 16, 2005, I was officially discharged.

(Plf. MSJ Resp. App., Exh. A). Nowhere does plaintiff mention the failure of defendants to provide him with a neutral job recommendation. Nor is there any reason to believe that such a claim, which did not arise until after the parties entered into the Resolution Agreement, could reasonably be expected to grow out of an EEOC investigation into events that occurred while plaintiff was employed by the school district. As a result, plaintiff is precluded from suing on this aspect of his Title VII claim.

## D.

Alternatively, plaintiff argues that he is unable to fully respond to the motion for summary judgment because defendants have refused to answer written discovery. (*See* Plf. MSJ Resp. at 5-7). Under Fed. R. Civ. P. 56(f):

> If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1)  deny the motion;
>
> (2)  order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3)  issue any other just order.

FED. R. CIV. P. 56(f). The purpose of this rule is to safeguard against the improvident or premature grant of summary judgment. *See Washington v. Allstate Insurance Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990), *citing* 10A C. Wright, A. Miller & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 2740

(2d ed. 1983). Although Rule 56(f) motions are treated and reviewed liberally, the party seeking relief must justify his entitlement to a continuance by presenting specific facts, supported by an affidavit, explaining his inability to make a substantive response. *See Axcess Broadcast Services v. Donnini Films*, No. 3-04-CV-2639-L, 2006 WL 1042334 at *2 (N.D. Tex. Apr. 19, 2006), *citing Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 137 (5th Cir. 1987). A claim that further discovery might reveal facts of which the party is currently unaware is insufficient. *Id., citing Washington v. Armstrong World Industries, Inc.*, 839 F.2d 1121, 1123 (5th Cir. 1988). In order to obtain a Rule 56(f) continuance, the party must show why the requested discovery is needed and explain how the discovery will allow him to demonstrate a genuine issue of material fact that precludes summary judgment. *Id., citing Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996).

In a sworn affidavit submitted in support of his Rule 56(f) motion, counsel for plaintiff states that he needs to conduct discovery on the following issues:

> Whether the Breach of the Settlement Agreement was due to racial discrimination. Boone is aware of two instances in which Defendants failed to provide the job reference promised in the Settlement Agreement. He is entitled to discover where [sic] there were more such instances, and whether Defendants had a plan or scheme to avoid providing such references as a continuing pattern of the racial discrimination and retaliation he suffered while a CISD employee.

> Such issues also go to the question of damages for breach of the Settlement Agreement, if in fact it was Defendants' failure to provide a recommendation that caused Boone to not obtain one of the many jobs he applied for after leaving CISD.

> Boone also seeks discovery regarding whether CISD impermissibly disclosed the existence of the Settlement Agreement and its terms to more than the one person of which Boone is aware. The fact that CISD admits to one disclosure gives Boone a good faith basis upon which to seek discovery as to additional disclosures. Such evidence goes to the issue of breach of the Settlement Agreement as well as damages, depending upon the effect of such breach.

(Plf. MSJ Resp. App., Exh. O at 2-3, ¶¶ 4(a)-(c)). Assuming this affidavit satisfies the specificity requirements of Rule 56(f), the only federal claim remotely implicated by the requested discovery involves allegations of discrimination on the part of defendants in failing to provide plaintiff with a neutral job evaluation. However, as previously discussed, this aspect of plaintiff's Title VII claim is not properly exhausted. None of the discovery sought by plaintiff will help salvage that claim. Consequently, his motion for a Rule 56(f) continuance should be denied.

III.

With the dismissal of plaintiff's Title VII claims, the only claims remaining are for breach of contract and intentional infliction of emotional distress, as well as defendants' counterclaim for breach of the Resolution Agreement. All these claims arise under Texas law.[5]

A federal court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed. 28 U.S.C. § 1367(c)(3); *see also Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). Among the factors to be considered in exercising this discretion are judicial economy, convenience, fairness, federalism, and comity. *See Rosado v. Wyman*, 397 U.S. 397, 403-04, 90 S.Ct. 1207, 1213-14, 25 L.Ed.2d 442 (1970). When all federal claims are dismissed prior to trial, these factors weigh heavily in favor of declining to exercise jurisdiction. *See Bunch v. Duncan*, No. 3-01-CV-0137-G, 2002 WL 324287 at *4 (N.D.Tex. Feb. 27, 2002), *quoting Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendant are dismissed.").

---

[5] The Supreme Court has held that "enforcement of [a] settlement agreement is for state courts" absent some independent basis for federal jurisdiction. *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 381-82, 114 S.Ct. 1673, 1677, 128 L.Ed.2d 391 (1994); *see also Rascon v. Austin I.S.D.*, No. A-05-CA-1072-LY, 2006 WL 2045733 at *5 (W.D. Tex. Jul. 18, 2006) (holding that breach of a settlement agreement resolving Title VII discrimination claim is actionable under state law, not federal law).

This case has been pending for less than a year with no substantial judicial involvement. Little discovery has been taken and the trial setting is still four months away. Under these circumstances, declining to exercise supplemental jurisdiction over the state law claims will promote federalism and comity without unduly prejudicing or inconveniencing the parties. *See Miller v. Alamo Community College Dist.*, No. SA-05-CA-762-FB, 2005 WL 3447731 at *7 (W.D. Tex. Nov. 16, 2005) (declining to exercise supplemental jurisdiction over state law breach of contract claim following dismissal of federal civil rights claim). *Cf. Lopez v. Continental Insurance Corp.*, No. 3-95-CV-1894-D, 1997 WL 148032 at *6 n.2 (N.D. Tex. Mar. 25, 1997) (exercising supplemental jurisdiction over state law breach of contract claim after dismissal of Title VII discrimination claim only because there was diversity of citizenship).[6]

## RECOMMENDATION

Defendants' motion for summary judgment [Doc. #36] should be granted with respect to plaintiff's Title VII race discrimination and retaliation claims. Those claims should be dismissed with prejudice. The court should decline to exercise supplemental jurisdiction over plaintiff's state law claims for breach of contract and intentional infliction of emotional distress, and defendants'

---

[6] The court is especially reluctant to exercise supplemental jurisdiction over the parties' state law claims as it appears that venue may be improper in the Dallas Division of the Northern District of Texas. The Title VII venue statute, which applies to cases removed from state court based on allegations of discrimination and retaliation, provides:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). It appears from the pleadings that the unlawful employment practices allegedly committed by defendants occurred in Crowley, Texas, and that the employment records relevant to such practices are maintained and administered by the school district at their office in Crowley. Because the City of Crowley is located in Tarrant County, Texas, this case should have been removed to the Fort Worth Division of the Northern District of Texas. *See* 28 U.S.C. § 124(a)(2).

state law claim for breach of the Resolution Agreement. Those claims should be dismissed without prejudice. Plaintiff's motion for a Rule 56(f) continuance [Doc. #39] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 14, 2008.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE