IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DARIN KEITH BOONE**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:07-CV-744-L** |
| | § | |
| **GREG GIBSON, BRANDON NEELEY** | § | |
| and **THE CROWLEY INDEPENDENT** | § | |
| **SCHOOL DISTRICT**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On January 16, 2008, the court referred Defendants' Motion for Summary Judgment, filed November 27, 2007, to United States Magistrate Judge Jeff Kaplan for hearing, if necessary, and for the magistrate judge to submit to the court proposed findings and recommendations. The Findings and Recommendation of the United States Magistrate Judge ("Report") were filed on February 14, 2008. Plaintiff Darin Keith Boone ("Plaintiff" or "Boone") filed Plaintiff's Objections to the Findings and Recommendation of the United States Magistrate Judge on February 22, 2008; and on February 25, 2008, Defendants' Combined Objections to the Recommendations of the Magistrate Judge, and Response to the Plaintiff's Objections to the Recommendations of the Magistrate Judge were filed.[1] On March 6, 2008, Plaintiff's Combined Reply in Support of his Objections to the Findings and Recommendation of the United States Magistrate Judge, and Response to Defendants' Objections to the Recommendations of the Magistrate Judge were filed. After a careful review and for the reasons that follow, the court **accepts in part** and **rejects in part** the Report of the United States Magistrate Judge.

---

[1] Defendants in this case are Greg Gibson, Brandon Neeley, and the Crowley Independent School District ("CISD").

**Memorandum Opinion and Order - Page 1**

### I. Background

The magistrate judge concluded that Plaintiff waived or released "any Title VII claim involving an adverse employment action that occurred prior to the date of the Resolution Agreement." Report 6 (unnumbered). The Resolution Agreement ("Agreement"), entered into between the parties on August 3, 2005, was a settlement of the parties' differences regarding Plaintiff's race discrimination and retaliation claims, and any other claim that may have existed at the time of the Agreement. In conjunction with these Title VII claims, the magistrate judge also concluded that any separate race or retaliation claim asserted by Plaintiff pursuant to 42 U.S.C. § 1981 and based on events that predated the Agreement was also barred by terms of the release. The magistrate judge further determined that any Title VII claim arising after the date of the Agreement was not barred, but that Boone failed to exhaust his administrative remedies on such claim. The magistrate judge additionally concluded that the parties' state law claims should be dismissed without prejudice because no federal claims remained and did not address the merits of any state law claim. Finally, the magistrate judge determined that Boone's request for a continuance should be denied because none of the discovery that he seeks will aid him in exhausting the claim that arose after the Agreement.

Boone objected to the Report and contends that: (1) he did not fail to exhaust his administrative remedies with respect to his Title VII claim that arose after the date of the Agreement, (2) CISD lost the right to enforce the Agreement because it was the breaching party, and (3) Defendants did not seek summary judgment on his section 1983 First Amendment retaliation claim, and therefore it cannot be dismissed. Boone and Defendants objected to the magistrate judge's recommendation that Plaintiff's state law claims for breach of contract and intentional infliction of emotional distress ("IIED") and Defendants' state law counterclaim for breach of contract be dismissed without prejudice.

**Memorandum Opinion and Order - Page 2**

## II. Plaintiff's Claims Under Title VII and 42 U.S.C. § 1981

The court agrees with the magistrate judge's determination regarding the Title VII claims that arose prior to the date of the Agreement between the parties. A breach of a settlement agreement does not revive these Title VII claims. The court also agrees, for the reasons stated by the magistrate judge, that any race or retaliation claim asserted under 42 U.S.C. § 1981 and arising prior to the Agreement is barred.

The court next addresses the Title VII claim that allegedly arose after the Agreement. Although Plaintiff vigorously argues that he exhausted his administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") on August 8, 2006, the court agrees with the magistrate judge that Boone failed to exhaust his administrative remedies regarding such claim.

A condition precedent to bringing suit on an employment discrimination charge under Title VII is the timely filing and exhaustion of an EEOC charge. 42 U.S.C. § 2000e-5(e)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied*, 537 U.S. 1200 (2003). A Title VII suit "may extend as far as, but no further than, the scope of the EEOC investigation" that could reasonably be expected to grow out of the charge of discrimination. *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993); *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990). One of the central purposes of the employment discrimination charge is to put employers on notice of "the existence and nature of the charges against them." *Id.* at 878 (quoting *EEOC v. Shell Oil Co.*, 466 U.S. 54, 77 (1984)). A Title VII complainant must file a charge of discrimination with the EEOC within 180 days of the occurrence of the alleged discriminatory act, or within 300 days if the proceedings are "initially instituted" with a state or local agency having "authority to grant or seek relief." 42 U.S.C. § 2000e-5(e)(1); *Messer v. Meno*, 130 F.3d 130, 134 (5th Cir. 1997).

The only Title VII claim that arises after the Agreement is that referring to CISD's alleged "failure to provide a neutral job recommendation as required by the Agreement." Pl.'s First Am. Compl. ¶ 4.4. With respect to Plaintiff's charge filed with the EEOC, the magistrate judge stated:

> Nowhere does plaintiff mention the failure of defendants to provide him with a neutral job recommendation. Nor is there any reason to believe that such a claim, which did not arise until after the parties entered into the Resolution Agreement, could reasonably be expected to grow out of an EEOC investigation into events that occurred while plaintiff was employed by the school district.

Report 8 (unnumbered). The court has reviewed the charge, and nothing is mentioned in the charge with respect to a neutral job recommendation.

Boone relies on two *pre-charge* letters he sent to the EEOC – one dated May 11, 2006, and one dated June 14, 2006 – to support his position that the scope of the EEOC investigation should be broadened to encompass a discriminatory claim arising from the alleged breach of the Agreement. The essence of the letters is that CISD did not return telephone calls to prospective employers, placed callers on hold, hung up on callers, and refused to talk to persons conducting background checks on him. Neither letter refers to or mentions the Agreement or any obligations of Defendants regarding job references after Boone's employment ended with CISD. Boone could have easily provided the EEOC with a copy of the Agreement or made it aware of the Agreement. He did neither. Nothing was provided to the EEOC that would have put it on notice that it should include, as part of its investigation, a Title VII discriminatory breach of the Agreement. Moreover, the charge filed on August 8, 2006, references alleged conduct of Defendants that occurred prior to the date the Agreement was executed by the parties. For all of these reasons, one would not reasonably expect the scope of the EEOC investigation to include a Title VII discriminatory breach of the Agreement. Boone did not timely file a charge of discrimination regarding this claim, and therefore

he has not exhausted his administrative remedies. The court **overrules** Plaintiff's objection regarding this claim.[2]

### III.    Plaintiff's Claims Pursuant to 42 U.S.C. § 1983

Plaintiff contends that his retaliation claim brought pursuant to 42 U.S.C. § 1983 remains because Defendants did not move for summary judgment on this claim and the magistrate judge did not address it. Plaintiff's First Amended Complaint ("Complaint"), although not a model of pellucid draftsmanship, includes a reference to section 1983 and contains language loosely alleging the elements of a First Amendment retaliation claim. Pl.'s Am. Compl. ¶¶ 5.2, 5.3, 5.4, and 5.5. Defendants counter that, even though they did not move for summary judgment on this claim, the court can *sua sponte* grant summary judgment on this claim because it is predicated on the same presettlement conduct as the section 1981 claims that "the magistrate correctly found were barred by the waiver and release in the *Resolution Agreement.*" Defs'. Obj. to Rec. of Mag. Judge and Resp. to Pl's. Obj. 2. For this reason, Defendants contend that Boone was put on notice that he should have come forward with all of his evidence.

The court recognizes that "district courts . . . possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that [he] had to come forward with all of [his] evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). The court has serious reservations about the viability of Boone's section 1983 claim because it appears to be based on conduct that occurred prior to the execution of the Agreement between the parties. Defendants, however, did not move on this claim, and the court is reluctant to move *sua sponte*. Because the issue was not raised by Defendants, Plaintiff was not put on notice, and the court would be required to allow Plaintiff a reasonable opportunity to respond to any *sua sponte* motion. Although the court believes that the

---

[2]To the extent that Boone seeks discovery on this claim, the court **denies** such request because he has not properly exhausted it, and none of the discovery sought by him will revive the claim.

**Memorandum Opinion and Order - Page 5**

section 1983 claim is a "weak cup of tea," the better approach is to allow Defendants to move for summary judgment on this claim and give Plaintiff sufficient time to respond to the motion. Accordingly, the court **sustains** Plaintiff's objection with respect to the section 1983 claim, and it remains before the court.

      **IV.**    **The Magistrate Judge's Recommendation to Dismiss without Prejudice the State Law Claims**

The magistrate judge recommended that Plaintiff's state law claims of breach of contract and IIED and Defendants' counterclaim for breach of contract be dismissed without prejudice. His recommendation anticipated that no federal claims would remain. Defendants, however, did not move for summary judgment on Plaintiff's First Amendment retaliation claim, which was brought pursuant to section 1983, and the magistrate judge made no determinations regarding this claim.

The magistrate judge, citing 42 U.S.C. § 2000e – 5(f)(3), expressed reluctance to exercise supplemental jurisdiction over the parties' state law claims because he believed venue might be improper in the Dallas Division of the Northen District of Texas. The above-cited statute prescribes the judicial *district*, not division, in which an employment action may be maintained. The Northern District of Texas is the proper district for venue. This case was initially filed in the 95th Judicial District Court of Dallas County, Texas. An action in state court may be removed by a defendant "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Accordingly, removal to the Dallas Division was proper.[3] Moreover, because a federal claim remains, dismissal of the state claims is not warranted. *See* 28

---

[3]The statement that this case should have been *removed* to the Fort Worth Division, Report 11 (unnumbered) n.6, is incorrect. The vehicle to get this action to the Fort Worth Division, the location of CISD, is 28 U.S.C. § 1404(a), which permits a transfer of an action to a district or division where it may have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." This action should have been transferred initially to the Fort Worth Division where the alleged unlawful practices and events occurred, where the business and employment records are maintained, and where most of the witnesses work or reside. Given the age of this action, however, the court **declines** at this stage to transfer it to the Fort Worth Division.

**Memorandum Opinion and Order - Page 6**

U.S.C. § 1367(c)(3). The court therefore **rejects** the magistrate judge's recommendation that the state claims be dismissed without prejudice.

V.      **Plaintiff's IIED Claim**

To the extent that Boone bases this claim on conduct that occurred before the date of the Agreement, the court concludes that such claim has been waived or released by terms of the Agreement and is therefore barred. To the extent that Plaintiff's IIED claim is based on conduct that occurred after the Agreement, the court will address the claim in that context. The court determines that Plaintiff's IIED claim fails as a matter of law with respect to any alleged conduct on the part of Defendants after the date of the Agreement.

To establish a claim for intentional infliction of emotional distress, a plaintiff must prove: "(1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused the plaintiff emotional distress, and (4) the emotional distress suffered by the plaintiff was severe." *Twyman v. Twyman*, 855 S.W.2d 619, 621-22 (Tex. 1993); *Benningfield v. City of Houston*, 157 F.3d 369, 379 (5th Cir. 1998) (citation omitted). Extreme and outrageous conduct is that which is so extreme in degree, and so outrageous in character, as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. *Twyman*, 855 S.W.2d at 621.

The only post-Agreement conduct on which Boone can rely for this tort is based on his allegations that CISD did not provide neutral job references to prospective employers; failed to return calls to prospective employers; hung up, transferred, and placed on hold persons making inquiries about him; and refused to communicate with persons doing background checks on him. Failure or refusal to provide a reference or to make reference calls on an ex-employee's behalf does not constitute conduct that goes "beyond all possible bounds of decency" and is legally insufficient to support a claim of IIED. *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 817 (Tex. 2005). For

the reasons stated herein, there is no genuine issue of material fact regarding Plaintiff's claim for IIED, and Defendants are entitled to judgment as a matter of law on this claim.

## VI. Breach of Contract Claims

Both parties have asserted breach of contract claims. A claim for breach of contract under Texas law requires a party to show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir. 2007) (internal citation and quotation marks omitted). The court has some concerns regarding these claims and is reluctant to render a dispositive ruling on them at this time. The court will deny the summary judgment motion on these claims, hold a status conference with the parties, and seek clarification of the facts on the breach of contract claims.

## VII. Conclusion

For the reasons stated herein, the court **accepts in part** and **rejects in part** the Report of the United States Magistrate Judge. The court determines that no genuine issues of material fact exist with respect to any of Plaintiff's Title VII claims, his claims pursuant to 42 U.S.C. § 1981, and his state law claim for intentional infliction of emotional distress. Accordingly, the court **grants** Defendants' Motion for Summary Judgment on these claims and **dismisses** them **with prejudice**. With respect to Plaintiff's section 1983 claim and the parties' breach of contract claims, the court determines that summary judgment is not appropriate at this time and **denies without prejudice**

Defendants' Motion for Summary Judgment with respect to these claims. The court will hold a status conference by telephone with the parties in the near future to address the remaining claims and discuss an amended scheduling order.

**It is so ordered** this 31st day of October, 2008.

Sam A. Lindsay
United States District Judge